Dear Mr. Tomino:
Your request for an Attorney General's Opinion on behalf of the Louisiana State Board of Certification for Substance Abuse Counselors (hereinafter "SAC Board") has been assigned to me for research and reply. You seek an opinion on the following question:
 May the Board legally and/or ethically enter into a contract with Louisiana Association of Substance Abuse counselors and Trainers (hereinafter "LASACT") to provide portfolio review and testing services?
You state that this question has also been submitted to the Louisiana Board of Ethics for a response. This preemptive action was appropriate, as any ethical questions can only be answered by the Louisiana Board of Ethics, and not our office.
You explain in your request letter that LASACT is a professional association of substance abuse counselors whose members are regulated by the SAC Board. The SAC Board earlier entered into a contract for testing services with LASACT. LASACT has presented a revised proposal. Presently, LASACT is paid $150.00 fee per candidate for the written and oral examination pursuant to the current contract. The fee is paid to the Board by the candidate, which is thereafter submitted to LASACT for the cost of the examinations. Pursuant to the new contract, LASACT will also be performing portfolio review to determine eligible candidates to sit for the examinations, as well as the continued provision of the written and oral examinations. LASACT proposes to charge an increased cost for the portfolio review, which will be paid by the SAC Board as an expense. The fee for candidates for the examinations will not be increased.
You further state that the SAC Board does not currently have the physical or financial resources to perform portfolio review and the provision of a certification examination, and that the SAC Board is financially autonomous as it does not rely upon State monies to function. You conclude that the SAC Board is aware of its responsibilities of establishing the criteria used for the portfolio review and administration of examinations, as well as the right to overrule any eligibility decisions recommended by the third party (LASACT).
LSA-R.S. 37:3371 et seq. includes the Substance Abuse Counselor Certification Act. The SAC Board was created by Louisiana Acts 1987, No. 384, and as you stated, receives no state funds.
 H. This board shall be financially self-sufficient. It shall receive no state funds through appropriation or otherwise and shall not expend any such state funds. No state funds shall be expended or committed to expenditure for the group benefits program or any other health insurance or employee benefit program, for any retirement system, for any salary, per diem payment, travel or expenses, office supplies and materials, rent purchase of any product or service, or for any other purpose.
LSA-R.S. 37:3373(H).
The powers and duties of the SAC Board are listed in R.S. 37:3374, in pertinent part:
 The board shall:
 * * *
 (4) Examine for, approve, deny, revoke, suspend, and renew certification of duly qualified candidates.
Further, the SAC Board is required to notify each candidate as to whether the application for certification is satisfactory and accepted or unsatisfactory and rejected, after investigation of the application. R.S. 37:3376(B). This law implies that the Board will conduct the investigation of the application, however, it does not mandate same. Thus, it is our opinion that the SAC Board may contract out the investigation duties of the certification process, as there is no law prohibiting same.
The only question that remains is whether a contract can be executed between the SAC Board and LASACT, a professional association whose members are regulated by the SAC Board. It is our opinion that this question is one of ethics, and thus, you have appropriately referred this question to the Louisiana Board of Ethics for their opinion.
Because the SAC Board is created within the Department of Health and Hospitals [R.S. 37:3373], it is within the executive branch of government, and thus, subject to Chapter 16. Professional, Personal, Consulting, and Social Services Procurement, R.S.39:1481 et seq. This chapter applies to every expenditure of public funds by the executive branch of this state for professional, personal, consulting, and social services procurement. It is our opinion that the contract at issue fits the definition of a consulting service, as defined in R.S.39:1484(4). The Office of Contractual Review, within the Office of Division of Administration, office of the governor, is directed by Susan Smith, (225) 342-7097. We suggest that you contact this office for further information.
We hope that we have adequately addressed all issues within our preview. If we can be of further assistance herein, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Cc: LA Board of Ethics